IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| SCRUB, INC., | ) ) ) | COMPLAINT |
| | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and national origin and to provide appropriate relief to a class of African Americans who were adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), contends Defendant, Scrub, Inc. ("Scrub"), has engaged in a pattern or practice of discrimination against a class of African Americans by failing or refusing to hire them because of their race and national origin. In addition, the Commission contends that Scrub utilizes hiring practices which have a disparate impact on African Americans. The Commission also contends that Scrub discriminated against a class of African Americans by failing to recruit them because of their race and national origin.

## JURISDICTION AND VENUE

1.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6.

4.  At all relevant times, Defendant has continuously been and is now doing business in the State of Illinois and the city of Chicago and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Jeanette Wilkins filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions

2

precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2004, Defendant has engaged in a pattern or practice of unlawful employment practices at its facilities, in violation of Sections 703(a)(1) and (2), and Section 707 of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (2), and 2000e-6. These practices include, but are not limited to:

(a) failing or refusing to hire African Americans, because of their race and national origin; and

(b) failing or refusing to recruit African Americans because of their race and national origin.

The unlawful employment practices described in this paragraph seven (7) were engaged in by Defendant in continuing violation of Section 703(a) and Section 707 of Title VII, 42 U.S.C. § 2000e-2(a) and -6.

8. Since at least 2004, Defendant has utilized hiring practices that cause a disparate impact on the basis of race and national origin. These practices include, but are not limited to, hiring based on subjective decision-making. The unlawful employment practices described in this paragraph eight (8) were engaged in by Defendant in continuing violation of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

9. The effect of the practices complained of in paragraph seven (7)(and eight (8) above has been to deprive a class of African Americans of equal employment opportunities and otherwise adversely affect their status as applicants because of their race and national origin.

10. The unlawful employment practices complained of in paragraph seven (7) above were and are intentional and done with malice and reckless indifference to the federally protected

rights of a class of African Americans.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, Scrub, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or national origin;

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendant to make whole a class of African Americans, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful place hiring of a class of African Americans.

D.  Order Defendant to make whole a class of African Americans by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

E.  Order Defendant to make whole a class of African Americans by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

F.  Order Defendant to pay a class of African Americans punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

G.  Order Defendant to provide training to its officers, managers and employees

regarding equal employment opportunity in the workplace;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory M. Gochanour
Supervisory Trial Attorney

*Laurie S. Elkin*
Laurie S. Elkin
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-7726