IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 09 C 4228 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| SCRUB, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("EEOC") sues janitorial services company Scrub, Inc. ("Scrub") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and Title I of the Civil Rights of 1991, 42 U.S.C. § 1981a. The EEOC claims Scrub's recruiting and hiring practices discriminated against African Americans. Scrub moves to dismiss on the basis of laches, failure to conciliate, and failure to state a claim. For the reasons set forth below, the motion to dismiss on the basis of laches and failure to conciliate is stricken, and the motion to dismiss for failure to state a claim is denied.

## BACKGROUND

The following facts are derived from the EEOC's complaint. Jeanette Wilkins filed a Title VII charge against Scrub. Compl. ¶ 6. Scrub engages in a pattern or practice of failing or refusing to recruit or hire African Americans because of their race and national origin. *Id.* ¶ 7. Scrub's hiring practices, including hiring based on subjective decision-making, cause a disparate impact on the basis of race and national origin. *Id.* ¶ 8. Scrub's hiring practices deprive a class

of African Americans equal employment opportunities and adversely affect their applicant status because of race and national origin. *Id.* ¶ 9. Scrub's conduct began in at least 2004. *Id.* ¶¶ 7-8.

**DISCUSSION**

I. **Laches and Failure to Conciliate**

Scrub moves to dismiss on laches and failure to conciliate grounds; the parties rely on affidavits and exhibits to support and oppose dismissal on these bases. The affidavits and exhibits are matters outside the pleadings, and may not be considered in resolving Scrub's motion to dismiss. Fed. R. Civ. P. 12(d); *Burick v. Edward Rose & Sons*, 18 F.3d 514, 516 (7th Cir. 1994). Scrub suggests converting its dismissal motion to a summary judgment motion, but does not comply with Local Rule 56.1's detailed procedure. Scrub's motion is premature. This case is in the early stages of discovery. Summary judgment consideration is not appropriate in light of the undeveloped record.

II. **Sufficiency of Claim**

Scrub argues the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Scrub contends the complaint is conclusory and contains no supporting facts. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Scrub overstates federal pleading requirements. *Iqbal* and *Twombly* did not repudiate general notice-pleading. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Specific facts are unnecessary; the complaint need only provide a short and plain statement giving Scrub fair notice of the nature and basis of the claim. Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Iqbal*, 129 S. Ct. at 1949. Factual allegations must be sufficient to state a

2

claim to relief that is plausible on its face, rather than merely speculative. *Id.*; *Twombly*, 550 U.S. at 555, 569. In resolving a Rule 12(b)(6) motion, well-pleaded allegations are accepted as true, and reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The EEOC brings disparate treatment (intentional discrimination) and disparate impact claims under Title VII. The EEOC's disparate treatment claim must allege Scrub took a specific adverse employment action against applicants or potential applicants on the basis of their race and national origin. *Id.* at 1084-85. A prospective employee's allegation "'I was turned down for a job because of my race' is all a complaint has to say" to state a discriminatory failure to hire claim. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). The EEOC sufficiently identifies the nature of the discrimination – failure or refusal to recruit or hire African Americans because of their race and national origin. Compl. ¶ 7. In addition, the EEOC identifies the time period when the discrimination allegedly occurred. *Id.*

The EEOC alleges Scrub engaged in a pattern or practice of failing or refusing to recruit or hire African Americans because of their race and national origin. *Id.* The EEOC may prove a widespread practice of disparate treatment through a pattern or practice of discrimination – because racial discrimination was Scrub's standard operating procedure. *Mozee v. Am. Commercial Marine Serv. Co.*, 940 F.2d 1036, 1051 (7th Cir. 1991). A *prima facie* case of pattern or practice discrimination may be established through a combination of strong statistical evidence of disparate impact and anecdotal evidence of the employer's intent to treat the protected class unequally. *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336-43 (1977); *Mozee*, 940 F.2d at 1051. Scrub challenges the EEOC's failure to plead supporting

3

pattern or practice evidence. The manner of proof is distinct from pleading requirements. An employment discrimination plaintiff must satisfy notice-pleading requirements; specific facts establishing a *prima facie* case of employment discrimination are not required. *Twombly*, 550 U.S. at 570; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002). The complaint states a plausible disparate treatment claim, and provides sufficient notice for Scrub to investigate and defend.

To state a disparate impact claim, the EEOC must identify a specific employment practice, although neutral on its face, that causes the alleged discrimination. *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 513 (7th Cir. 1996). The EEOC identifies Scrub's practice of subjective hiring as a facially neutral practice that has a disparate impact on African Americans. Compl. ¶ 8. Scrub allegedly has utilized the practice since 2004. Compl. ¶ 8. The complaint extends beyond an abstract recitation of the claim, and provides sufficient notice. The EEOC adequately states a plausible disparate impact claim.

Scrub contends the EEOC's four-year investigation warrants a more detailed complaint. A complaint need not include evidence, nor allege all facts logically raised by the claim. *Tamayo*, 526 F.3d at 1081. Litigants are entitled to discovery before "'being put to their proof;'" treating a complaint's allegations as a statement of proof leads to "'windy complaints'" and defeats Rule 8's function. *Id.* (quoting *Bennett*, 153 F.3d at 518). The complaint satisfies notice-pleading requirements.

4

## CONCLUSION

Scrub's motion to dismiss on grounds of laches and failure to conciliate is stricken because it is premature. The motion to dismiss for failure to state a claim is denied. The complaint sufficiently states disparate treatment and disparate impact claims under Title VII.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 26, 2009