# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) )  )  Case No.: 09 CV 04228 |
| Plaintiff, | ) |
| v. | ) Judge Suzanne B. Conlon )  |
| Scrub, Inc., | ) Magistrate Judge Susan E. Cox |
| Defendants. | ) ) |

## SCRUB, INC.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Scrub, Inc. ("Scrub"), by its attorneys, Chico & Nunes, P.C., submits its Memorandum of Law in Support of Its Motion for Summary Judgment.

## INTRODUCTION

Nearly four years after the subject charge was filed with the Plaintiff Equal Employment Opportunity Commission ("EEOC"), the EEOC finally filed its Complaint against Scrub on July 14, 2009. In the preceding four years, the EEOC, by its own admission, did nothing to investigate the claim during the first 15 months after it was filed and, did nothing to investigate during 26 of the 38 months before it issued its Amended Determination. As to the reasons for its delay, the EEOC has refused to explain itself, asserting the government deliberative process privilege. The only conclusion that can be drawn is that the EEOC has no explanation. Scrub was severely prejudiced by this unreasonable delay, not the least of which was the ballooning of the potential claimant class to over 5,000 African-American applicants, derived from the 20,000 applications Scrub received while the EEOC was leisurely investigating the claim. Further, the EEOC is barred from seeking monetary relief and instatement for any applicants who applied or hiring shortfalls that occurred before February 17, 2005 because the EEOC is bound by Title

VII's 180-day statute of limitations and by Scrub's Settlement Agreement with the Department of Labor.

## BACKGROUND

To avoid duplication and for the Court's convenience, Scrub refers the Court to its Statement of Undisputed Facts for the facts supporting its Motion for Summary Judgment.

## ARGUMENT

**I.      The EEOC's Complaint is Barred by Laches.**

Laches is an equitable doctrine designed to prevent unfairness to a defendant due to a plaintiff's delay in filing suit. *EEOC v. Dresser Indus., Inc.*, 668 F.2d 1199, 1201 (11th Cir. 1982). The elements of laches are: (1) the plaintiff delayed inexcusably in bringing the suit; and (2) the unreasonable delay unduly prejudiced the defendant. *Id.* at 1202. Here, both elements are satisfied and the Court should grant summary judgment in Scrub's favor.

**A.      The EEOC's Delay in Filing its Complaint is Unreasonable as a Matter of Law.**

The EEOC's nearly four year delay in this matter is unreasonable as a matter of law. Courts have looked to several indicia to evaluate similar EEOC delays. Under these criteria, delays very similar to the EEOC's delay in this case have been held unreasonable. *See EEOC v. Westinghouse Elec. Corp.*, 592 F.2d 484, 485 (8th Cir. 1979)(three years and seven months delay unreasonable); *EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857-58 (8th Cir. 1978)(four years and four months delay unreasonable); *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271, 278 (7th Cir. 1980)(four years and nine months delay unreasonable); *EEOC v. Firestone Tire & Rubber Co.*, 626 F. Supp. 90, 92 (M.D. Ga. 1985)(four years and eleven months delay unreasonable).[1]

---

[1] Scrub does not argue that any particular length of time is *per se* unreasonable. Scrub offers these examples simply to illustrate similar unreasonable EEOC delays.

Some courts have compared the applicable state statute of limitations to the EEOC's delay. For example, in *EEOC v. Indiana Bell Telephone Co., Inc.*, 641 F. Supp. 115, 123-24 (S.D. Ind. 1986), the court looked to the state statute of limitations for personal injury actions, two years, as a basis for comparison. The court held that the EEOC's delay, which was significantly longer than the two year statute for personal injury actions, was unreasonable. *Id.* at 123-24. Here, the EEOC delayed three years and eleven months, essentially four years, before filing its Complaint. The statute of limitations in Illinois for personal injury actions is two years, nearly half as long as the EEOC's delay in this matter. *See* 735 ILCS § 5/13-202.

Courts also have considered evidence of significant periods of time during which the EEOC essentially did nothing. For example, in *EEOC v. Dresser Industries, Inc.*, the Eleventh Circuit noted that the EEOC did not notify the defendant of the claimant's charge until two and one half years after the charge was filed. 668 F.2d at 1202. Further, the EEOC delayed an entire year after its factual investigation had been completed before issuing a determination. *Id*.

Here, as in *Dresser*, there were several periods during the EEOC's four year investigation in which the EEOC did absolutely nothing. Mr. Rodriguez, the EEOC investigator assigned to investigate Ms. Wilkins' charge, admitted that he did nothing for 15 months after Ms. Wilkins' charge was assigned to him on August 23, 2005. (Scrub, Inc.'s Local Rule 56.1(a)(3) Statement of Undisputed Facts ("SOF") ¶¶ 14-15.) It was not until November 17, 2006, that Mr. Rodriguez finally took action, requesting for the first time information from Scrub. (*Id.* ¶ 15.) On December 20, 2006, the day after receiving applications produced by Scrub, Mr. Rodriguez sent form letters to some of the applicants identified in the applications. (*Id.* ¶¶ 19-20.) Between December 22, 2006 and January 5, 2007, six of these persons contacted Mr. Rodriguez and he

conducted telephone interviews with them. (*Id.* ¶ 22.) This first round of witness solicitation and interviews took Mr. Rodriguez a total of 16 days – or a little more than two weeks.

On February 1, 2007, Mr. Rodriguez interviewed two Scrub employees. (*Id.* ¶ 23.) On February 6, 2007, Mr. Rodriguez requested additional information from Scrub, and Scrub responded on February 21, 2007, producing additional copies of applications. (*Id.* ¶¶ 24-25.) Mr. Rodriguez did nothing with those applications for the next five months – between February 21, 2007 and July 26, 2007. (*Id.* ¶ 26.) The court can reach this conclusion because Mr. Rodriguez sent out his first batch of form letters only one day after receiving Scrub's applications on December 19, 2006. As explained below, Mr. Rodriguez repeatedly refused to explain why it took him so long to complete his investigation.

On July 26, 2007, Mr. Rodriguez sent another batch of form letters to persons identified in the applications produced in February. (*Id.* ¶ 27.) Between July 30, 2007 and August 7, 2007, Mr. Rodriguez conducted telephone interviews of five people who responded to these letters. (*Id.* ¶ 28.) After that, Mr. Rodriguez did nothing again until September 2007, when he requested additional information from Scrub. (*Id.* ¶ 29.) Between October 2007, when he received a response to his request for information and June 2008 – another eight months – Mr. Rodriguez did nothing. (*Id.* ¶¶ 29-30.) In June 2008, he again requested and received additional information from Scrub's counsel. (*Id.* ¶¶ 30-31.)

Although Mr. Rodriguez testified that an office within the EEOC referred to by the acronym ORIP performed some type of statistical analysis during his investigation, Mr. Rodriguez refused to explain what type of analysis was being performed, claiming the government deliberative process privilege. (*Id.* ¶¶ 32, 34.) Indeed, he refused to provide any information about this project, including the amount of time necessary to complete it. (*Id.* ¶¶ 34-

35.) Mr. Rodriguez, however, did admit that he did not take part in performing the statistical analysis. (*Id.* ¶ 33.) This Court should reject any attempt by the EEOC to reverse its decision to hide all information about this statistical analysis.

Finally, on August 22, 2008, a full three years after Ms. Wilkins' charge was assigned to Mr. Rodriguez, the EEOC issued its Amended Determination. (*Id.* ¶ 37.) In total, Mr. Rodriguez did not conduct any investigative activities during 28 of the 36 months during which he allegedly was investigating Ms. Wilkins' charge. (*Id.* ¶ 38.)

When asked during his deposition, Mr. Rodriguez refused to explain why he conducted no investigation during the 15 months after the charge was assigned to him. (*Id.* ¶ 16.) He also refused to explain why it took him three years to complete his investigation. (*Id.* ¶ 39.) In both cases Mr. Rodriguez asserted the government deliberative process privilege. Because it has refused to provide any explanation, the only conclusion the Court can draw is that there is no explanation for the EEOC's unreasonable delay.

Further, the EEOC cannot use its backlog of cases to justify Mr. Rodriguez' inaction. *See Massey-Ferguson*, 662 F.2d at 278 (rejecting EEOC's caseload argument); *EEOC v. Alioto Fish Co., Ltd.*, 623 F.2d 86, 88 (9th Cir. 1980)(same); *Liberty Loan*, 584 F.2d at 858 (same). In *Dresser*, the Eleventh Circuit rejected the argument, holding:

> We are not unmindful of the heavy burden placed upon federal agencies and the mounting volume of claims filed each year, but we cannot allow defendants to be sacrificed in an administrative quagmire. The Commission (EEOC) was designed to protect substantive rights, not shield discrimination in a bureaucratic milieu where enforcement is passed on to the second and third generation.

668 F.2d at 1203.

### B. Scrub's Ability to Defend Itself Was Severely Prejudiced by the EEOC's Unreasonable Delay.

"The longer the plaintiff delays in filing suit, the more likely it is that prejudice has occurred and, therefore, the less prejudice the defendant must prove." *Indiana Bell*, 641 F. Supp. at 124 (citing *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 807 (8th Cir. 1979)). *See also Smith v. Caterpillar, Inc.*, 338 F.3d 730, 734 (7th Cir. 2003)(explaining that laches is applied on a sliding scale: the longer a plaintiff delays, the less prejudice a defendant must show to prevail on the defense). Courts look to the unavailability of witnesses, faded memories and loss of company records as indications of prejudice. *Indiana Bell*, 641 F. Supp. at 124. Further, the mere fact that the EEOC's delay has increased the defendant's potential liability is an element of prejudice. *Firestone*, 626 F. Supp. at 93 ("Finally, if EEOC had litigated these matters in a timely fashion the company's potential liability would have ceased accruing several years ago. Instead, the delay in this case has substantially and unfairly enlarged the company's potential back pay liability and this increased monetary liability which is attributable solely to the EEOC delay constitutes an additional element of prejudice supporting dismissal of the suit."); *Alioto*, 623 F.2d at 89 ("In addition, the delay undeniably has dimmed the memories of available witnesses and has greatly enlarged Alioto's potential back pay liability because the EEOC seeks relief for all persons discriminated against by Alioto."); *Dresser*, 668 F.2d at 1204, n.13 ("The advent of the class action form of this complaint further prejudiced Dresser as the remedy requested sought back pay for all class members. The delay, therefore, substantially increased the amount to be recovered in the event the EEOC prevailed in this enforcement action.")

The Seventh Circuit repeatedly has recognized prejudice where the employee who interacted with a complainant has no memory of the complainant. *See Maher v. City of Chicago*, 547 F.3d 817, 822-23 (7th Cir. 2008)(prejudice established where employee testified that his

memories of the complainant were "cloudy"); *Smith*, 338 F.3d at 734-35 (7th Cir. 2003)(same and holding that plaintiff's delay contributed to loss of memory particularly considering the numerous applicants and trainees the witness "hired, supervised and fired"); *Wilmes v. U.S. Postal Serv.*, 810 F.2d 130, 134 (7th Cir. 1987) (defendant prejudiced where employee had no recollection of the plaintiff). The holding in *Smith* is particularly instructive given the approximately 5,000 applications Scrub receives each year.

*Dresser*, 668 F.2d 1199, is instructive on the question of prejudice. There, the defendant established that two former employees with relevant knowledge no longer were available to the defendant. *Id.* at 1203. In this regard, the court noted that "a company 'should not be held responsible for the intervening deaths, retirements, voluntary and involuntary terminations, which normally occur with the passage of time.'" *Id.* Further, the defendant had not retained employment records regarding employees other than the claimant. *Id.* at 1203-04. Finally, the court found the defendant had been prejudiced by the significant increase in its potential liability caused by the EEOC's delay. *Id.* at 1204, n. 13. The court held that the defendant had been prejudiced and dismissed the EEOC's action with prejudice. *Id.* at 1204.

Here, as in *Dresser*, *Firestone*, and *Alioto*, Scrub has been severely prejudiced because Scrub's potential liability in this matter has significantly increased. Scrub has received over 20,000 applications since the EEOC began its investigation. (SOF ¶ 48.) Indeed, the EEOC now alleges that the class of potential claimants totals 5,000. The EEOC intends to call approximately 200 witnesses during the likely two-month trial of this matter, none of whom have been identified as of this date. Had the EEOC completed its investigation in the roughly one year it should have taken, Scrub's potential liability and the massive amount of evidence through which this Court and the jury will have to sift would have been reduced by three quarters.

7

Further, two former employees who were involved with the hiring process no longer are employed by the company. Mr. Rathke testified that both Victoria Misa and Isabella Iwanoski would have relevant knowledge of hiring during the period within which the EEOC seeks to recover. (SOF ¶¶ 50-54.) The unavailability of these witnesses severely prejudices Scrub's ability to defend against the class claims the EEOC intends to pursue. Further, Ms. Borrero, the only employee charged with hiring who still works for Scrub, testified that her memory has faded regarding applicants who interviewed several years ago. (*Id.* ¶ 57.) Indeed, Ms. Borrero does not even remember the claimant in this action, Ms. Wilkins. (*Id.* ¶ 58.)

Contrary to the EEOC's previous assertion, the Seventh Circuit has rejected the argument that an employer must establish the unavailability of witnesses to establish prejudice:

> It is enough that the CTA "face[s] the hardship of locating the former employees and procuring their testimony."

*Jeffries v. Chicago Transit Authority*, 770 F.2d 676, 681 (7th Cir. 1985); s*ee also Indiana Bell* 41 F. Supp. at 123 (S.D. Ind. 1986) ("Indiana Bell need not show that potential witnesses are unavailable to show that it has been prejudiced. 'It is enough that the [defendant] 'face[s] the hardship of locating the former employees and procuring their testimony....'"). Both the Ninth and Eleventh Circuits have agreed, holding that a company "should not be held responsible for the intervening deaths, retirements, voluntary and involuntary terminations, which normally occur with the passage of time." *Dresser*, 668 F.2d at 1203; *Boone v. Mechanical Specialties*, 609 F.2d 956, 959 (9th Cir. 1979). Indeed, in a footnote the Eleventh Circuit stated:

> In its brief, the EEOC suggests that Dresser has not proven the unavailability of Andrus, the personnel manager, and that Dresser should have made a greater effort to secure statements from witnesses before they became unavailable. We refuse to require employers to foretell the future and the potential unavailability of witnesses and find the EEOC's suggestion untenable.

*Id.*, n.11.

Scrub's efforts to demonstrate its community based recruiting efforts also will be prejudiced by a lack of documents. Ms. Borrero has testified that Scrub does not retain as a matter of business practice its correspondence with various community organizations that refer potential candidates to Scrub. (SOF ¶ 64.) Likewise, Scrub has not retained documents regarding its advertising to recruit potential candidates. (*Id.* ¶¶ 61-63.) These documents would have been crucial to Scrub's defense because they would establish the broad scope of community organizations that Scrub works with to recruit potential applicants.

The EEOC likely will argue again that any loss of records was caused by Scrub's failure to preserve documents after Ms. Wilkins filed her charge. However, the EEOC is incorrect. In *Dresser*, the court rejected the EEOC's argument that a single charge triggers the requirement to retain all hiring related documents under the applicable regulations:

> The EEOC asserts that once Dresser received notice of a single claim of discrimination, it should have immediately secured all employment records for the duration of any pending litigation. The Commission relies on section 1602.14(a) of the Code of Federal Regulations, which requires employers to retain "all personnel records relevant to the charge." This issue is complicated by the fact that almost six years after Dresser had been notified of Doris Smalley's single discrimination claim, the EEOC filed a class action complaint alleging continuing sex discrimination since July 2, 1965. The EEOC argues that Dresser should have known of the Commission's ability to bring a class action suit, and suggests that all "records relevant to the charge" is synonymous with all employment records. We do not believe the regulation's language should be given such an expansive interpretation.
>
> By the time the class action was filed, Dresser had retained all records relating to Smalley's claim, but had destroyed other employment records pursuant to its policy to keep records for a five year period. The District Court determined that Dresser had retained those records "relevant" to the Smalley charge, the only one of which Dresser had notification, and had therefore satisfied the requirements of section 1602.14(a). We agree. Once defendants satisfy the EEOC's record retention requirement in Title VII enforcement actions, they should not be punished for failing to exceed standards mandated by the very Commission that promulgated them.

668 F.2d at 1203-04. Accordingly, Scrub was prejudiced by the EEOC's delay regarding any documents not retained before Scrub received the EEOC's request for information in September 2007 that implicated a wider potential claim.

In the end, Scrub has been severely prejudiced by the EEOC's delay. The Court should grant summary judgment in Scrub's favor.

## II. The EEOC Is Time-Barred From Seeking Relief For Claimants Or Alleged Shortfall Positions Filled Before February 17, 2005.

The EEOC, like a private plaintiff, is subject to Title VII's statute of limitations, which provides that claims that accrued more than 180 days before the initiating charge was presented to the EEOC are time-barred. 42 U.S.C. § 2000e-5(e)(1). Section 2000e-5 makes no exception for the EEOC, even though it clearly contemplates EEOC enforcement actions. *EEOC v. CRST Van Expedited, Inc.*, 615 F. Supp. 2d 867, 878 (N.D. Iowa 2009). Accordingly, while the EEOC has authority to bring class claims arising out of an investigation of an individual EEOC charge, it cannot "resurrect untimely claims" because "such a result would improperly expand the substantive rights of the individuals which the EEOC represents and would render the…filing period effectively meaningless." *EEOC v. Harvey L. Walner & Assocs.*, No. 95-1355, 1995 WL 470233, at *4 (N.D. Ill. Aug. 7, 1995), *aff'd on other grounds*, 91 F.3d 963 (7th Cir. 1996). The EEOC's ability to secure enforcement of Title VII on behalf of the public is primarily served through its ability to secure injunctive relief, not bootstrapping individual damage claims into the EEOC's enforcement action. *EEOC v. Custom Cos., Inc.*, Nos. 02 C 3768, 03 C 2293, 2004 WL 765891, at *10-11 (N.D. Ill. Apr. 7, 2004). "Only those employees who could have filed charges with the Commission individually when the class filing was made are properly members of the litigating class." *Walner*, 1995 WL 470233, at *4.

The Supreme Court and the circuit courts of appeals have not directly addressed this question. *CRST Van Expedited*, 615 F. Supp. 2d at 877. However, the better reasoned district court cases hold that the EEOC is subject to the statute of limitations. *See EEOC v. Freeman*, No. RWT 09cv2573, 2010 WL 1728847, at *3 (D. Md. Apr. 27, 2010) ("the better reasoned authority holds that the EEOC may not seek relief for individuals who were denied employment more than 300 days before the filing of the administrative charge prompting the EEOC's investigation"); *CRST Van Expedited*, 615 F. Supp. 2d at 878 ("the better reasoned authority holds that Title VII generally does not grant the EEOC the power to resurrect otherwise stale claims of unlawful employment discrimination"). Indeed, "to adopt the EEOC's construction of Title VII would permit the EEOC to destroy all principles of repose and force employers to defend against zombie-like claims from the distant past." *CRST Van Expedited*, 615 F . Supp. 2d at 878. District courts across the country have agreed. *EEOC v. Burlington Med. Supplies, Inc.*, 536 F. Supp. 2d 647, 659 (E.D. Va. 2008) (EEOC subject to Title VII statute of limitations); *EEOC v. Wyndham Worldwide Corp.*, No. C07-1531RSM, 2008 WL 4527974, at *6-8 (W.D. Wash. Oct. 3, 2008) (same); *EEOC v. KCD Constr., Inc.*, No. 05-2122(DSD/SRN), 2007 WL 1129220, at *4 (D. Minn. Apr. 16, 2007) (same); *EEOC v. GLC Rests., Inc.*, No. CV-05-0618-PCT-DGC, 2006 WL 3052224, at *2-3 (D. Ariz. Oct. 26, 2006) (same); *EEOC v. Optical Cable Corp.*, 169 F. Supp. 2d 539, 544-50 (W.D. Va. 2001) (same; applying 180-day statute of limitations because EEOC did not refer charge to state fair employment practices agency); *EEOC v. Sears, Roebuck & Co.*, 490 F. Supp. 1245, 1258-62 (M.D. Ala. 1980).

Here, Ms. Wilkins presented her Charge to the EEOC on August 16, 2005. (SOF ¶8.) Ms. Wilkins' charge was initially received by the EEOC, not the Illinois Department of Human Rights. (*Id.*) Accordingly, the applicable statute of limitations is 180 days. The EEOC cannot

seek monetary relief or instatement for any individual claimants whose claims accrued before February 17, 2005.

### III. The EEOC is Barred from Seeking Monetary Relief and Instatement for the Time Period Covered by the OFCCP Settlement Agreement – July 1, 2003 through June 30, 2004.

Because Scrub already has settled with the United States regarding allegations of discriminatory hiring for the period between July 1, 2003 and June 30, 2004, the EEOC may not pursue monetary relief and instatement for any applicants who applied or any shortfall in hiring that occurred during that period for two reasons. First, the claimants who were the subject of the settlement agreement settled their claims through the United States Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) and obtained back pay awards. (SOF ¶¶ 66-70.) Second, the EEOC is in privity with the OFCCP for purposes of the two agencies' investigations of Scrub and, therefore, is bound by the OFCCP's settlement with Scrub.

In *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1291 (7th Cir. 1993), the Seventh Circuit held that the EEOC was barred from seeking monetary relief on behalf of a complainant whose individual discrimination action had been dismissed with prejudice. There, the individual's ADEA claim had been dismissed because it was barred by the ADEA's statute of limitations. *Id.* at 1288. The Seventh Circuit held that the EEOC was in privity with the employee for purposes of applying the doctrine of *res judicata*. *Id.* at 1291. The court adopted the Third Circuit's reasoning that "when the EEOC seeks to represent grievants by attempting to obtain private benefits on their behalf, the doctrine of representative claim preclusion must be applied." *Id.* (*citing EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 496 (3d Cir. 1990) (holding that individuals who had fully litigated their claims under the ADEA were precluded from obtaining monetary relief in subsequent EEOC action).)

Similarly, in *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 (9th Cir. 1987), the Ninth Circuit held that the EEOC was barred from pursuing monetary relief on behalf of a black employee who previously had settled her claims with the defendant employer. There, the EEOC filed an action against Goodyear arising from an individual's charge of race discrimination. *Id.* at 1541. Without the EEOC's consent, the individual settled her claims with the employer. *Id.* at 1541-42. Goodyear moved to dismiss the EEOC's suit, claiming the settlement mooted the action. *Id.* at 1542. The court rejected the EEOC's argument, holding:

> The EEOC argues that these cases are based on the "faulty premise" that back pay is a mere private benefit. It notes that a Title VII back pay award advances the public interest in deterring the employer from illegal discrimination. While the EEOC's argument has some appeal, we note that any recovery of back pay by the EEOC would go directly to Pettigrew who has freely contracted away her right to back pay. Under these circumstances, the public interest in a back pay award is minimal.

*Id.* at 1543.

The holdings in these cases are not rendered inapplicable by the Supreme Court's holding in *EEOC v. Waffle House*, 534 U.S. 279 (2002). There, the Court held that the EEOC was not bound to arbitrate its claims where the charging party had entered into an arbitration agreement with the employer. *Id.* at 297-98. However, the Court recognized the holdings in *Goodyear* and *U.S. Steel* in noting that any settlement by an employee still would preclude the EEOC from seeking monetary relief and reinstatement:

> It is true, as respondent and its *amici* have argued, that Baker's conduct may have the effect of limiting the relief that the EEOC may obtain in court. If, for example, he had failed to mitigate his damages, or had accepted a monetary settlement, any recovery by the EEOC would be limited accordingly. See, *e.g., Ford Motor Co. v. EEOC,* 458 U.S. 219, 231-232, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982) (Title VII claimant "forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied"); *EEOC v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1542 (C.A.9 1987) (employee's settlement "rendered her personal claims moot"); *EEOC v. U.S. Steel Corp.,* 921 F.2d 489, 495 (C.A.3 1990) (individuals who litigated their own claims were precluded by res judicata from obtaining

13

> individual relief in a subsequent EEOC action based on the same claims). As we have noted, it "goes without saying that the courts can and should preclude double recovery by an individual." *General Telephone,* 446 U.S., at 333, 100 S.Ct. 1698.

*Id.* The Seventh Circuit has endorsed the validity of *Harris*, *U.S. Steel* and *Goodyear*. *See EEOC v. Sidley Austin LLP*, 437 F.3d 695, 696 (7th Cir. 2006) (adopting quoted language from *Waffle House* and holding that if claimants failed to mitigate damages or settled their claims with employer, EEOC would be precluded from recovering monetary relief on their behalf.)

Further, the EEOC is bound by the OFCCP's settlement agreement because, for purposes of their investigations and prosecutions of Scrub, the two agencies are in privity. *See Exxon Corp. v. Department of Labor*, No. 3:96-CV-3405-H, slip op. at *6 (N.D. Tex. March 5, 2002). In *Exxon*, the Department of Labor, through the OFCCP, investigated allegations that an Exxon safety policy instituted in the wake of the Valdez oil spill discriminated against persons with disabilities. *Id.* at *1-2. An administrative law judge held that the policy violated the ADA and Exxon appealed the decision to the district court. *Id.* Exxon argued the OFCCP was bound by the holding in an earlier case brought by the EEOC, in which the district court held that the claimants were not qualified individuals with disabilities and, therefore, "Exxon's policy as applied to them did not violate the ADA." *Id.* at *5.

The district court analyzed the question of whether the OFCCP and the EEOC were in privity such that the mutuality requirement of collateral estoppel would be satisfied. *Id.* at *5-6. The district court first noted that the Supreme Court had held that two other federal agencies were in privity for purposes of *res judicata* in *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940). Applying that reasoning, the district court concluded that the OFCCP and the EEOC were in privity. Both agencies were charged with the same mission in addressing claims of discrimination and shared information about their investigations. *Id.* at *6. The district

14

court further noted that both agencies operated under the same definition of disabled. *Id.* Accordingly, the district court held that the OFCCP and EEOC were in privity and that the OFCCP was therefore bound by the prior judgment. *Id.*; *see also EEOC v. Sears Roebuck & Co.*, 504 F. Supp. 241, 272 (N.D. Ill. 1980) ("the Department of Labor is in privity with the EEOC for purposes of these prior adjudication doctrines").

Accordingly, the EEOC may not seek monetary relief for claimants or shortfall positions that were included in Scrub's Settlement Agreement with the OFCCP. The claimants already have settled their claims through the OFCCP and the EEOC is in privity with the OFCCP. (SOF ¶¶ 66-70.) The Court should grant Scrub partial summary judgment precluding recovery by the EEOC of monetary relief or instatement for any applicants who applied or shortfall positions that occurred between July 1, 2003 and June 30, 2004.

## CONCLUSION

For the foregoing reasons, and those stated in Scrub's Motion for Summary Judgment, Scrub respectfully requests that the Court enter judgment in Scrub's favor on the EEOC's claims and grant any and all other such relief as this Court deems just.

                                              Respectfully submitted,

                                              SCRUB, INC.


                                              By:    /s/ Andrew M. Spangler, Jr.
                                                          One of Its Attorneys

Andrew M. Spangler, Jr.
Sandy L. Morris
CHICO & NUNES, P.C.
333 West Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel: (312) 463-1000
Fax: (312) 463-1001

# CERTIFICATE OF SERVICE

I, Andrew M. Spangler, Jr., an attorney, hereby certify that on this 28th day of June, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

>
> Brandi L. Davis
> Laurie S. Elkin
> Gregory M. Gochanour
> John C. Hendrickson
> Ann M. Henry
> Diane I. Smason
> U. S. Equal Employment Opportunity Commission
> 500 W. Madison, Suite 2000
> Chicago, IL 60661

By:   /s/ Andrew M. Spangler, Jr.