IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 09 C 4228 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| SCRUB, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Equal Employment Opportunity Commission ("EEOC") sues Scrub, Inc. ("Scrub") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.. The EEOC alleges that Scrub's recruiting and hiring practices discriminate against African-Americans. Scrub moves for summary judgment. For the reasons stated below, the motion is denied.

### BACKGROUND

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits.[1] Scrub provides janitorial services, primarily at O'Hare International Airport, under contracts with the City of Chicago and various airlines. Def. Facts ¶ 2. On August 16, 2005, Jeannette Wilkins filed a charge of discrimination with the EEOC, claiming that Scrub refused to

---

[1] Scrub moves to strike several of the EEOC's Local Rule 56.1(b)(3) statements, arguing that the stated facts rely on documents not independently admissible. Def. Resp. ¶¶ 33-34, 37-38. To be considered at the summary judgment stage, evidence must be admissible in content, not necessarily in form. *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994). Because Scrub fails to explain why the stated facts could not be supported by admissible evidence at trial, the motion to strike is denied.

consider her for employment on account of her race. *Id.* ¶ 8; Def. Ex. E. EEOC investigator Luis Rodriguez interviewed Wilkins that same day. Def. Facts ¶ 11. Although Rodriguez was formally assigned to investigate Wilkins' charge on August 23, 2005, he waited fifteen months before beginning the investigation. *Id.* ¶¶ 12, 15.

On November 17, 2006, Rodriguez sent Scrub his first request for information. Def. Facts ¶ 18. Scrub responded one month later, sending Rodriguez copies of applications for individuals who had sought employment. *Id.* ¶ 19. Rodriguez notified some of the applicants by mail that they were identified as potential witnesses in an investigation. *Id.* ¶ 20; Def. Ex. I. Between December 22, 2006 and January 5, 2007, Rodriguez interviewed six applicants who responded to his letter. Def. Facts ¶ 22.

In February 2007, Rodriguez interviewed two employees at Scrub's offices. *Id.* ¶ 23. He also sought and obtained additional employment applications. *Id.* ¶¶ 24-25. Five months later, Rodriguez sent letters to some individuals identified in Scrub's most recent document production, seeking their cooperation in the EEOC investigation. *Id.* ¶ 27; Def. Ex. J. Between July 30 and August 7, 2007, Rodriguez interviewed five applicants who responded to his second letter. Def. Facts ¶ 28. Rodriguez requested more information from Scrub in September 2007 and June 2008; Scrub promptly responded to both requests. *Id.* ¶¶ 29-31.

On August 22, 2008, the EEOC issued its amended determination, noting that its investigation established reasonable cause to believe Scrub unlawfully discriminated against African-Americans in hiring and recruitment. *Id.* ¶ 37; Def. Ex. G. Scrub accepted the EEOC's invitation to conciliate the charge on September 5, 2008. Pl. Facts ¶ 39. Over the next several months, Scrub submitted two settlement offers to the EEOC; both were rejected. Def. Facts ¶¶

40-43. On January 28, 2009, the EEOC terminated its conciliation efforts with Scrub. *Id.* ¶ 43. The EEOC filed this case on July 14, 2009. *Id.* ¶ 44.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant has the initial burden of demonstrating that it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Once the movant has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Analysis

Scrub moves for summary judgment on the following grounds: (1) the EEOC is time-barred from seeking relief for any job applicant whose discrimination claim arose prior to February 17, 2005; (2) a settlement agreement precludes the EEOC from seeking relief for any discrimination that occurred between July 1, 2003 and June 30, 2004; and (3) the EEOC's claims are precluded by the affirmative defense of laches.

3

**A.  Timeliness**

The EEOC is authorized to sue employers reasonably suspected of violating Title VII's nondiscrimination directives. 42 U.S.C. §§ 2000e-5(f), 2000e-6. Here, the EEOC is pursuing class-wide relief under §§ 2000e-5 and 2000e-6 for a class of African-Americans who were allegedly denied employment because of Scrub's pattern or practice of unlawful discrimination. An individual seeking to file suit under Title VII must make a timely charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e). Scrub does not dispute that Jeanette Wilkins' August 16, 2005 charge was timely filed, but it contends that the EEOC is barred from seeking relief for applicants whose claims arose more than 180 days before Wilkins filed her charge.

Scrub's argument fails at the outset because the relevant limitations period is 300 days, not 180. In a "deferral" state such as Illinois, where there is a designated state agency for considering discrimination claims, a claimant has 300 days after the discriminatory act to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2003); *Filipovic v. K&R Exp. Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). Wilkins' charge was filed less than one week after the alleged discriminatory act and it was filed with both the EEOC and the Illinois Department of Human Rights, the relevant state agency. *See* Def. Ex. E. The EEOC is seeking relief only for applicants who applied within 300 days prior to Wilkins' charge. Pl. Memo. at 14. The claims are not time-barred. Scrub's motion for summary judgment on this basis is denied.[2]

---

[2] Because the EEOC is not seeking relief for those who were denied employment more than 300 days prior to the date of Wilkins' charge, the court need not address whether the 300-day time period even applies to the EEOC as a plaintiff in a "pattern or practice" lawsuit. *See generally EEOC v. Sidley Austin LLP*, 437 F.3d 695, 696 (7th Cir. 2006) (individual's failure to file a timely charge does not prevent EEOC from seeking monetary relief on individual's behalf); *EEOC v.*

4

B.  **Settlement Agreement**

On September 29, 2006, Scrub entered into a settlement agreement with the United States Department of Labor. Def. Facts ¶ 66. The agreement stemmed from allegations that Scrub had discriminated against African-American and Hispanic applicants who applied for janitorial positions between July 1, 2003 and June 30, 2004. *Id.* ¶ 67; Def. Ex. M. Under the terms of the agreement, Scrub agreed to provide the applicants with back pay and the opportunity to obtain employment. Def. Ex. M. In light of this agreement, Scrub argues that the EEOC is precluded from obtaining relief for any discrimination that allegedly occurred between July 1, 2003 and June 30, 2004. Scrub's argument is irrelevant, as the EEOC is not seeking relief for unlawful discrimination that occurred prior to October 20, 2004.

C.  **Laches**

Although Title VII does not contain an express limitation on the time within which the EEOC may file an enforcement suit, the EEOC may be barred by the equitable doctrine of laches if it has delayed inexcusably and the defendant was materially prejudiced as a result. *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271, 275 (7th Cir. 1980). Although a laches determination often involves questions of fact, summary judgment may be appropriate where the material facts are not genuinely disputed. *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003). Scrub fails to demonstrate that it is entitled to summary judgment on laches grounds.

---

*Harvey L. Walner & Assocs.*, 91 F.3d 963, 968-69 (7th Cir. 1996) (a "pattern or practice" suit does not require a valid, timely charge); *United States v. Masonry Contractors Ass'n of Memphis, Inc.*, 497 F.2d 871, 877 (6th Cir. 1974) ("time limitations for making claim under § 2000e-5 are not applicable to "pattern or practice" actions under § 2000e-6").

5

### 1. *Unreasonable Delay*

The EEOC filed its complaint on July 14, 2009, approximately three years and eleven months after Jeanette Wilkins presented her discrimination charge to the EEOC. As Scrub points out, similar delays have been found unreasonable. *Massey-Ferguson*, 622 F.2d at 278 (four years and nine months unreasonable); *EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978) (delay of four years and four months unreasonable). However, the reasonableness of delay does not turn on a specific length of time. *EEOC v. Admiral Maintenance Serv.*, No. 97 C 2034, 1998 WL 102748, *8 (N.D. Ill. Feb. 26, 1998) (Conlon, J.). The issue is whether the EEOC unduly, inexcusably, or inordinately delayed in bringing its case. *Massey-Ferguson*, 622 F.2d at 275.

The EEOC actively investigated Wilkins' charge from November 17, 2006, the date Rodriguez first requested information from Scrub, until August 22, 2008, the date the EEOC issued its reasonable cause determination. In that twenty-one month span, the EEOC received over 5,000 employment applications from Scrub, attempted to contact at least 170 potential witnesses, and interviewed over a dozen applicants and Scrub employees. Def. Facts ¶¶ 18-31; Pl. Facts ¶¶ 32, 35; Pl. Exs. 12, 19 (Declarations of Luis Rodriguez). Scrub points to gaps of time in Rodriguez' case log as evidence of the EEOC's inexcusable delay, but there is a genuine dispute as to whether *all* investigative activities are included in the log. Pl. Resp. ¶ 36. Moreover, each of the purported gaps followed Scrub's production of employment applications to the EEOC. Def. Facts ¶¶ 25-26, 29-30. Rodriguez conducted census research to identify the

6

race of certain applicants, and he coordinated with the EEOC's Office of Research, Information, and Planning for the purpose of conducting statistical analysis.[3] Pl. Facts ¶¶ 23-25.

The investigation of pattern or practice charges takes time. *See EEOC v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69, 73 (3d Cir. 1984) (investigations often require complex and time-consuming statistical analyses). While the EEOC offers no explanation for the 15-month delay between the filing of Wilkins' charge and the onset of the investigation, Scrub was given notice of the charge almost immediately after its filing. Pl. Facts ¶ 26. Scrub has not shown the investigation itself was unduly protracted, especially given the scope of the document production and the need for statistical analysis. The record does not establish that the EEOC's investigation was so unreasonable or inexcusable as to warrant summary judgment in Scrub's favor.

    *B.*    *Prejudice*

In order to establish prejudice, Scrub must show the EEOC's delay materially prejudiced its ability to defend against this lawsuit. *Massey-Ferguson*, 622 F.2d at 275. Scrub argues it was severely prejudiced by the EEOC's delay in the following ways: (1) an increase in the class of potential claimants, and thus Scrub's potential liability; (2) the unavailability and fading memory of witnesses; and (3) the loss of documents necessary to Scrub's defense.

---

[3] Scrub moves to strike the EEOC's Local Rule 56.1(b)(3) statements pertaining to census research and statistical analysis. Def. Resp. ¶¶ 23-25. The facts in question refute Scrub's contention that the investigation was dormant for long periods of time. Scrub argues the EEOC should be prohibited from raising these facts because it asserted the "government deliberative process" privilege when Scrub sought to discover material related to these topics. The discovery dispute was resolved by the magistrate judge. *See* June 25, 2010 Min. Order (Cox, M.J.), Dkt. 123; May 25, 2010 Memo. Op. and Order (Cox, M.J.), Dkt. 108. Although not permitted to discover evidence reflecting the EEOC's deliberative process, Scrub admits that statistical analysis was performed. Def. Facts ¶ 32. Scrub's motion to strike is denied.

Among other relief, the EEOC is seeking back pay for the class of African-Americans injured by Scrub's allegedly unlawful employment practices. Because the size of the class increased during the pendency of the EEOC's investigation, thereby increasing Scrub's potential liability, Scrub maintains it has suffered material prejudice. A finding of laches may be justified in circumstances where an increase in the employer's back pay liability is primarily attributable to the plaintiff's delay or failure to mitigate damages. *Cook v. City of Chicago*, 192 F.3d 693, 696 (7th Cir. 1999). But those circumstances are not present here. Scrub has allegedly engaged in a pattern or practice of unlawful employment discrimination since 2004. Scrub received notice of Wilkins' discrimination charge in August 2005. The following year, Scrub entered into a settlement agreement with the Department of Labor predicated on a finding that Scrub unlawfully discriminated against African-American and Hispanic job applicants between July 2003 and June 2004. Nevertheless, Scrub has admittedly made no changes to its hiring practices and procedures. Pl. Facts ¶ 19. To the extent Scrub's potential liability has increased, Scrub fails to show it is attributable to the EEOC's delay, as opposed to its own conduct.

Scrub also cites the loss of two key witnesses – Victoria Misa and Isabella Iwanoski – as evidence of material prejudice. Misa worked in Scrub's human resources department between February 2008 and May 2009. Def. Facts ¶ 50. Iwanoski worked there from March 2007 until May 2009. *Id.* ¶ 52. Both assisted Scrub recruiter Merilda Borrero in the interviewing and hiring process; Iwanoski also provided translation for Polish and Russian applicants. *Id.* ¶¶ 51, 53; Def. Resp. ¶ 2. Scrub, however, eschews any attempt to explain why the absence of testimony from these former employees will severely prejudice the defense. Throughout the relevant time period, Borrero was largely responsible for interviewing and hiring applicants for janitorial

8

positions with Scrub. Pl. Facts ¶¶ 1-2; Def. Resp. ¶¶ 1-2; Pl. Ex. 27: Dep. Tr. at 24. She remains a Scrub employee and was deposed in this case. Even if Borrero's memory of particular applicants has faded, Scrub has not shown the faded memory is due to the EEOC's delay. *Massey-Ferguson*, 622 F.2d at 280. Borrero testified her decision on who to interview is based on information provided in the submitted employment application, such as the applicant's salary requirements, prior experience, and job stability. Pl. Ex. 27: Dep. Tr. at 24-27. Scrub retains possession over all employment applications submitted since January 2004. Pl. Facts ¶ 16. Since 2005, Scrub has maintained a database containing information on all those who applied for janitorial or cabin cleaning positions. *Id.* ¶ 7. The database seemingly includes information as to why applicants were not hired, although Scrub disputes the accuracy of the inputted reasons. *Id.* ¶¶ 10-12; Def. Resp. ¶¶ 10-12. Scrub may be able to provide the reasons applicants were not hired by examining their applications and the database. *Massey-Ferguson*, 622 F.2d at 280. In light of Borrero's continuous employment and the retention of application materials, Scrub has not shown it is substantially prejudiced by the loss of two low-level employees.

Scrub argues that its ability to demonstrate its community-based recruiting efforts has been prejudiced by the loss of relevant documents. The documents include business correspondence with community organizations and advertising records. Scrub contends the documents are crucial to its defense because they "establish the broad scope of community organizations that Scrub works with to recruit potential applicants." Def. Memo. at 9. Even assuming that this evidence is relevant to Scrub's defense against claims of discrimination, Scrub has not shown it is materially prejudiced. Scrub's general manager, Mark Rathke, provided testimony about Scrub's relationship with various organizations for recruiting purposes. Pl. Ex.

9: Dep. Tr. at 30. Scrub possesses nearly 200 pages of invoices and billing related to its advertising efforts since January 2005. Pl. Facts ¶ 30. Scrub does not explain why it is unable to adequately substantiate its minority recruiting efforts with available testimony and documents. Scrub also fails to explain why its failure to keep these particular documents is attributable to the EEOC's delay. Scrub admits it does not retain recruiting-related correspondence with community organizations. Def. Facts ¶ 64. It is unclear whether this evidence would have been available even had the EEOC filed suit earlier. In 2005 and 2006, Scrub had notice of Wilkins' discrimination charge as well as the Department of Labor's finding of unlawful employment discrimination. With respect to this investigation, the EEOC requested information pertaining to Scrub's advertising as early as November 2006. Pl. Facts ¶ 13. Scrub had ample notice that its hiring practices were the subject of discrimination complaints. Scrub's failure to preserve relevant documents is not the fault of the EEOC.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

August 10, 2010

10